In re AUBURN MEDICAL REALTY, Auburn Medical Associates, Inc., Debtors.

Charles E. BONARDI, Appellant,

v.

Roland CARON, Auburn Medical Associates, Inc., Auburn Medical Realty, a Limited Partnership, Appellees.

Bankruptcy No. 81–9010.

Bankruptcy Appellate Panel, D. Massachusetts.

June 19, 1981.

Nicholas G. Andreson, Worcester, Mass., for appellant.

Lappin, Rosen, Goldberg, Slavet, Levenson & Wekstein by Jerome E. Rosen, Boston, Mass., for appellees.

Before CYR, C. J., and VOTOLATO and JOHNSON, JJ.

PER CURIAM.

■ The Appellees have moved for dismissal of this appeal on the ground that the Appellant, who filed his notice of appeal on January 20, 1981, has failed to perfect his appeal. The Appellant has never filed a designation of the contents for inclusion in the record on appeal and a statement of the issues he intends to present on his appeal, as required by Appellate Rule 7.[1]

The Appellant has not filed a response to Appellees' Motion to Dismiss, as permitted under Appellate Rule 13(a). He has, however, filed a brief in support of his appeal.

We conclude that the Appellees' Motion should be granted and the appeal be dismissed.

This Appellate Panel, since its inception over a year ago, has leniently overlooked numerous violations of appellate procedure. Such violations often result in confusion costing hours of valuable court time. In addition, additional burdens are placed on opposing counsel and court personnel.

■ Now that the Appellate Rules have been in effect for over a year, practitioners are fairly charged with the responsibility of substantial compliance.

Counsel for this Appellant, in particular, has appeared before this Appellate Panel at least once before and should be. familiar with the procedure.

1. First Circuit Rules Governing Appeals from Bankruptcy Judges to District Courts and Appellate Panels.

In reaching our decision we have studied the Memorandum and Order appealed from as well as the Appellants' brief and are of the opinion that his Appeal has little merit in any event.

APPEAL DISMISSED.